UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

| | |
|---|---|
| ROBERT BARD<br><br>Plaintiff,<br>-against-<br><br>WHITNEY MUSEUM OF AMERICAN ART<br><br>Defendant. | **CV**<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

--------------------------------------------------------------x

## **COMPLAINT**

Plaintiff Robert Bard (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendant Whitney Museum of American Art (also referred to as "Defendant"), hereby alleges as follows:

## **NATURE OF THE CLAIMS**

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"'). As explained more fully below, Defendant owns, leases, leases to, operates, and/or controls a place of public accommodation that violates the

above-mentioned laws. Defendant is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is in this district.

## PARTIES

4. Defendant Whitney Museum of American Art owns the property located at 99 Gansevoort Street in New York County, New York (hereinafter referred to as "99 Gansevoort Street").

5. At all relevant times, Defendant has and continues to operate a museum at 99 Gansevoort Street that is known as Whitney Museum of American Art (hereinafter referred to as the "Whitney Museum of American Art" premises).

6. Defendant is licensed to and does business in New York State.

7. At all times relevant to this action, Plaintiff Robert Bard has been and remains currently a resident of New York, New York.

8. At all times relevant to this action, Dr. Robert Bard has been and remains a person who uses a rollator for mobility. Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

9. Dr. Robert Bard is a disabled US Air Force veteran, having served in military hospitals in Thailand and Laos in the early 1970's.

10. Dr. Robert Bard is internationally recognized in the field of 3D Doppler Ultrasound Imaging to detect cancers (in organs including the breast, prostate, skin, thyroid, melanoma and other areas). As a certified diagnostic radiologist, Dr. Bard evolved his practice to pursue non-invasive 3D imaging with ultrasound, MRI and laser technologies.

11. Dr. Bard's medical practice is located at 121 East 60th Street in Manhattan and he resides nearby.

12. The Whitney Museum of American Art is one of New York City's principal museums of modern and contemporary American art. From its inception, the Whitney distinguished itself by concentrating on American artists—particularly living, emerging, and experimental artists who were not receiving significant attention from established museums.

13. The Whitney's current home is located at 99 Gansevoort Street in Manhattan's Meatpacking District**,** immediately adjacent to the southern end of the High Line and near the Hudson River.

14. In or around 2011, Defendant purchased the real property at 99 Gansevoort Street for approximately $19 million.

15. After 2011, Defendant constructed a new building at 99 Gansevoort Street, which was designed by internationally renowned Italian architect Renzo Piano.

16. The Whitney Museum of American Art opened to the public on May 1, 2015.

17. The Whitney Museum of American Art has eight floors above ground and one basement floor below ground.

18. The Whitney Museum of American Art has 50,000 square feet of indoor gallery space and 13,000 square feet of outdoor exhibition space and terraces.

19. At all times relevant to this action, Plaintiff has been a member of The Whitney Museum of American Art.

20. Members of The Whitney Museum of American Art, like Plaintiff, have benefits such as unlimited free admission throughout the year, early/exclusive access to exhibitions, member events, guest privileges, and museum discounts.

21. Plaintiff visits The Whitney Museum of American Art at least six times a year and enjoys the privileges of membership.

22. But Plaintiff has experienced numerous architectural barriers that make his museum experience more physically difficult.

23. For example, Plaintiff utilizes the automatic door on the eighth floor to enter and exit the terrace area. Since at least February 2026, the automatic door has not been operational.

24. Plaintiff has therefore had to rely on the kindness of strangers to open and hold the door open for him. Needless to say, Plaintiff feels humiliated asking for help when he should be able to independently enter and exit the terrace area.

25. The automatic doors at the ground floor lobby entrance are also not operational.

26. Defendant's failure to immediately remediate these architectural barriers to the disabled contrast sharply with Defendant's ability to maintain the continuous operation of the revolving doors utilized by nondisabled persons.

27. Plaintiff loves The Whitney Museum of American Art and desires to continue to patronize without the difficulty caused by architectural barriers.

28. Plaintiff visited The Whitney Museum of American Art when it was located on the upper East side of Manhattan.

29. Plaintiff, however, enjoys The Whitney Museum of American Art's current neighborhood in the meatpacking district of Manhattan.

30. Plaintiff loves to travel through the meatpacking district and enjoy the unique architecture, shops and restaurants.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

31. Defendant is a public accommodation as it owns, leases, leases to, controls and/or operates a place of public accommodation, the Whitney Museum of American Art premises located at 99 Gansevoort Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

32. The Whitney Museum of American Art premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative

Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

33. Numerous architectural barriers exist at the Whitney Museum of American Art premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

34. Defendant designed and constructed 99 Gansevoort Street for first possession in 2015, well after the effective date of the ADA on January 26, 1993.

35. The services, features, elements and spaces of the Whitney Museum of American Art premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

36. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Whitney Museum of American Art premises that are open and available to the public.

37. Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

38. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Whitney Museum of American Art premises as well as architectural barriers that exist include, but are not limited to, the following:

I. At the First-floor entrance and the Eighth-floor terrace, Defendant does not provide an accessible public entrance door as the automatic door is not operational. See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

II. At the Eighth-floor terrace, Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the inoperable door entrance. See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

III. At the Eighth-floor terrace, Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the inoperable door exit. See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

IV. At the Eighth-floor terrace, Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the inoperable automatic door. See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards § 206.5.2, 404.2.4.3, 305.3, 404.3.

V. At the First-floor entrance and the Eighth-floor terrace, Defendant's door requires more than five pounds of force to open. See 1991 Standards § 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9.

VI. At the First-floor entrance and the Eighth-floor terrace, Defendant fails to provide that its automatic door closes in more than 3 seconds. See 1991 Standards § 4.13.12.

VII. At the First-floor entrance and the Eighth-floor terrace, Defendant fails to provide that its automatic door requires less than 15 pounds of force to stop it from closing. See 1991 Standards § 4.13.12.

VIII. At the First floor and the Eighth-floor, Defendant fails to provide that the sales and/or service counter is accessible. See 1991 Standards § 7.2; 2010 Standards §§ 227.3, 227.1, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

IX. At the First floor and the Eighth-floor, Defendant fails to provide a portion of the sales and/or service counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length. See 1991 Standards § 7.2; 2010 Standards §§ 227.1, 227.3, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

X. At the Eighth-floor terrace area, Defendant fails to provide at least one and not less than 5% of seating and standing spaces and/or dining surfaces are accessible and dispersed throughout the premises. See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

XI. At the Eighth-floor terrace area, Defendant fails to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining. See 1991 Standards §§ 4.32.2, 5.3; and 2010 Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XII. At the Eighth-floor terrace area, Defendant fails to provide the International Symbol of Accessibility at its designated accessible seating. BCCNY § 11010.1(9).

XIII. At the Eighth-floor terrace area, Defendant fails to provide dining tables and/or surfaces that are at an accessible height. See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

XIV. At the Eighth-floor terrace area, Defendant fails to provide dining tables and/or surfaces that have the minimum required knee clearances. See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XV. At the Eighth-floor terrace area, Defendant fails to provide dining tables and/or surfaces that have the minimum required toe clearances. See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XVI. Defendant fails to provide an accessible public bathroom on the basement floor, Third-floor, Seventh-floor, and Eighth-floor. See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

XVII. At the entrance to designated accessible public toilet rooms on the basement floor, Third-floor, Seventh-floor, and Eighth-floor, Defendant does not provide and display the International Symbol of Accessibility with the required information.

See Standards §§ 4.1.6(3)(e)(iii), 4.1.3(16)(a), 4.1.2(7), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.3, 216.8, 703, 703.7.2.1; BCCNY § 1110.1.

XVIII. At the entrance to designated accessible public toilet rooms on the basement floor, Third-floor, Seventh-floor, and Eighth-floor, Defendant does not provide and display the International Symbol of Accessibility alongside the toilet room door at the latch side between 48 and 60 inches above the finished floor. See Standards § 4.1.2(7)(d), 4.1.3(16)(a), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.2, 216.3, 216.8, 703.7.2.1, 703.

XIX. At the basement floor, Third-floor, and Eighth-floor, Defendant fails to provide that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing plaintiff to severe personal injury. See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

XX. At the basement floor, Third-floor, and Eighth-floor, Defendant fails to provide that the bottom edge of the reflecting surface of the mirror above the lavatory is no greater than 40 inches above the finished floor. See 1991 Standards §§ 4.1.3(11), 4.19.6, 4.23.6, 4.22.6; and 2010 Standards §§ 213.3.4, 603.3, 213.3.5.

XXI. At the Third-floor, Defendant fails to provide the minimum required unobstructed floor space in front of the lavatory in the public toilet room. See 1991 Standards §§ 4.19.3, 4.1.3(11), 4.22.3, 4.22.6, 4.23.2 4.24.5; and 2010 Standards §§ 213.3.4, 606.2, 305, 306.

XXII. At the Third-floor, Defendant fails to provide that the door does not swing into the minimum required unobstructed floor space for the lavatory. See 1991 Standards §§ 4.22.2, 4.22.3, 4.23.2, 4.23.3, 4.23.7, 4.24.5; and 2010 Standards §§ 213.3.4, 603.2.3, 606.2.

XXIII. At the Third floor and the Eighth-floor, Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the door to the toilet room and/or stall. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards §§ 404.2.4.1, 305.3, 604.8.1.2.

XXIV. At the basement floor, Third-floor, and Eighth-floor, Defendant's interior bathroom doors require more than five pounds of force to open. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9, 604.8.1.2.

39. Upon information and belief, a full inspection of the Whitney Museum of American Art premises will reveal the existence of other barriers to access.

40. As required by the ADA (remedial civil rights legislation) to properly

remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Whitney Museum of American Art premises to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

41. Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

42. Defendant has not complied with its statutory obligations to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

43. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Whitney Museum of American Art premises continue to exist and deter Plaintiff.

44. Plaintiff intends to continue to patronize the Whitney Museum of American Art premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

45. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

46. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct

and proximate result of Plaintiff's disability, Plaintiff uses a rollator for mobility, and also has restricted use of arms and hands.

47. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

48. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. 36.201(b).

49. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability. Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

50. By failing to comply with the law in effect for decades, Defendant has articulated to persons with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

51. Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

52. The Whitney Museum of American Art premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

53. Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

54. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

55. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

56. By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

57. In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

58. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

59. Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a rollator accessible public accommodation.

**<u>SECOND CAUSE OF ACTION</u>**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

60. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

61. Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore has a disability within the meaning of the Executive Law § 296(21).

62. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

63. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

64. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation because Plaintiff is a person with a disability.

65. Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.

66. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

67. In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

68. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

69. It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

70. As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

71. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

72. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

73. Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

74. Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

75. Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

76. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

77. Defendant has subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

78. Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

79. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce others in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public

accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

80. Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

81. Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

82. Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendant is enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

83. As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

84. Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

85. By failing to comply with the law in effect for decades, Defendant has articulated to persons with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

86. Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

87. By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

88. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

89. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

90. Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

91. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

92. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

93. Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendant to alter and modify its place of public accommodation and its operations, policies, practices, and procedures.

94. Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

95. Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the

2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages to punish and deter the Defendant for its violations of the NYCHRL;

F. Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

H. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: August 14, 2026
New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:______________________

Glen H. Parker, Esq.
Attorneys for Plaintiff
28 Valley Road, Suite 1
Montclair, New Jersey 07042
Telephone: (347) 292-9042
Email: ghp@parkerlawusa.com